872 F.2d 1026
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles LACKEY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-5829.
 United States Court of Appeals, Sixth Circuit.
 April 20, 1989.
 
 Before BOYCE F. MARTIN, Jr., KRUPANSKY and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Lackey appeals the administrative law judge's finding of non-disability under sections 216(i) and 223, of the Social Security Act, as amended.
 
 
 2
 Lackey was born on September 23, 1937, and is currently about 50 years old. He has a sixth grade education and can read and write. He worked in the past as a heavy equipment operator, truck, and school bus driver. He has not worked since his alleged onset date of March 18, 1985. Lackey alleges a disability due to arthritis and residuals of a back injury. The medical record indicates that Lackey was involved in a motor vehicle accident in 1978 at which time he began to notice low back pain and leg pain bilaterally.
 
 
 3
 The administrative law judge stated that the medical evidence indicated that Lackey was suffering from significant subjective indications of severe pain but only minimal objective evidence relative to this pain. In addition, Lackey was suffering from non-exertion limitations reflecting low intellectual capacity affecting his ability to react appropriately in practical and social judgment situations, maintain attention and coordinate activities. Lackey did not demonstrate any significant restrictions of use in any major extremity. The administrative law judge stated that the evidence failed to disclose any impairment listed in the Regulatory Listings of Impairment. The administrative law judge considered and rejected Lackey's subjective complaints of pain which allegedly precluded him from working. The administrative law judge stated that the objective medical record did indicate that Lackey suffered from a malalignment of the lumbar spine which interfered with his abilities to perform the various requirements of his work as a heavy duty operator, such as very heavy lifting, carrying, frequent stooping, crawling, kneeling and reaching. The administrative law judge concluded that Lackey, in spite of his testimony, however, retaind the residual functional capacity to perform the duties of a truck or bus driver as he performed them in the past and denied Lackey's request for disability insurance benefits under the Social Security Act.
 
 
 4
 Lackey challenges the administrative law judge's finding of non-credibility as to his allegations of subjective pain. Lackey points to the testimony of a Dr. Fraim in support of his allegations of "exquisite pain." Lackey claims that Dr. Fraim's testimony supports a finding of disability due to extreme pain in his lower back.
 
 
 5
 The administrative law judge noted that Dr. Fraim concluded that Lackey was limited to lifting no more than ten pounds at any given time and that his walking would have to be somewhat restricted. Lackey could not work in any kind of work atmosphere that involved bending, stooping, lifting or twisting. These restrictions do not preclude all work activity, including Lackey's past work as a truck driver and a bus driver. Dr. Fraim's statement that Lackey was not physically able to return to work in the future due to persistent pain is not determinative of the issue of disability in this case. Dr. Fraim's statement was not accompanied by any clinical or laboratory findings showing how Lackey was functionally limited as a result of his back condition. The objective medical evidence does not support Lackey's testimony as to his pain to the extent that it would preclude him from performing his past relevant work as a truck or bus driver.
 
 
 6
 For the reasons stated above, we affirm.